NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAUREEN BULL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　　Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 07-CV-2291 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

　　　　This matter comes before the Court upon motion by Defendant United Parcel Service, Inc. ("Defendant") for summary judgment under Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Defendant's motion for summary judgment is **granted** as to Counts III, IV and V, and **denied** as to Counts I and II.

**I.　BACKGROUND**[1]

　　　　Plaintiff Laureen Bull ("Plaintiff") worked as a part-time employee for Defendant from June 2, 1986 until she was allegedly terminated on April 4, 2006. Plaintiff held various manual labor positions while employed with Defendant, including as a loader/unloader, a dumper, and a sorter. During her career, Plaintiff suffered multiple injuries that caused her to lose time from

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective moving papers.

work.  Plaintiff apparently filed several workers' compensation claims, and each time returned to work without incident.

In December 2005, Plaintiff suffered an injury while working as a sorter in the Sort Aisle Department.  Plaintiff informed her immediate supervisor, Arturo Serrano, who then informed the full-time Sort Aisle Supervisor, Dave Thomas.  Plaintiff declined to go to the hospital at that time, preferring instead to see if the pain would subside with time.  Upon arriving at work the following day, however, Plaintiff informed Serrano that she was continuing to experience pain, and requested to see the company doctor.  Plaintiff alleges that her request was met with hostility and that her requests to see the company doctor were ignored for several weeks.

Plaintiff visited a series of doctors over the ensuing months, being first examined by Dr. Katalin Horvath on January 4, 2006.  Dr. Horvath diagnosed Plaintiff with a right shoulder contusion, cervical strain, and right trapezius contusion and strain, and prohibited Plaintiff from lifting, pushing or pulling more than 25 pounds.  Plaintiff had multiple follow-up visits with Dr. Horvath before eventually being referred to an orthopedic specialist.

Plaintiff was examined by Dr. Teresa Vega, an orthopedist, on January 16, 2006.  Dr. Vega diagnosed Plaintiff with a cervical strain, and found that Plaintiff was not capable of lifting more than 20 pounds.  Soon thereafter, Plaintiff began workers' compensation leave.  Dr. Vega continued to treat Plaintiff until March 29, 2006, when she concluded that Plaintiff had reached maximum medical improvement and that she could still lift no more than 10 pounds overhead.  That same day, Plaintiff returned to work from her workers' compensation leave.  Plaintiff was permitted to work temporarily on the small sort as a bagger.  A few days later, Plaintiff allegedly

refused to perform certain manual work, explaining that she could not perform the work because she was unable to lift over 10 pounds.

On April 4, 2006, Plaintiff was told by her supervisor in the small sort operation that she could no longer work due to issues relating to her medical restrictions. It is unclear whether Plaintiff was in fact terminated from her employment, or simply placed on leave. Plaintiff was then informed by her union that she could return to work if she obtained medical clearance.

Plaintiff was next examined by Dr. Morton Farber on June 14, 2006. Plaintiff gave a copy of Dr. Farber's medical note to the Teamsters union, which then forwarded a copy to Defendant. The note stated that Plaintiff was capable of lifting 50 pounds or more. Defendant has challenged both the veracity and authenticity of this note. In any event, Plaintiff was told that this note was inadequate, and that she needed a note clearing her to lift 70 pounds. On August 14, 2006, Plaintiff sent a second doctor's note from Dr. Farber to her union stating that she was "not able to lift over 70 lbs." Defendant has challenged the veracity and authenticity of this note as well. Defendant alleges that it subsequently requested clarification from Plaintiff on her medical status, but that Plaintiff repeatedly refused to cooperate.

Plaintiff filed a Complaint in this matter on April 3, 2007. The Complaint raises claims for disability, race and age discrimination, as well as for unlawful retaliation and wrongful termination in violation of public policy. Following discovery, Defendant filed this motion for summary judgment on October 30, 2008.

## II.     STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all

3

inferences in favor of the non-moving party, demonstrate that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that no genuine issues of fact exist. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences—including issues of credibility—in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.  DISCUSSION

Currently before the Court is Defendant's motion for summary judgment on all claims. As an initial matter, the Court recognizes that Plaintiff has conceded dismissal of her age and race discrimination claims, as well as her claim that she was terminated in violation of public policy, and thus the Court will grant summary judgment on Counts III, IV and V without

additional comment. With respect to Plaintiff's remaining claims, however, Defendant's motion for summary judgment is denied because genuine issues of fact exist that prevent their determination as a matter of law.

Plaintiff's disability discrimination claim alleges that Defendant unlawfully terminated her employment on account of her disability in violation of the New Jersey Law Against Discrimination ("NJLAD"). Defendant argues that this claim should be dismissed as a matter of law because Plaintiff could no longer perform the job for which she was hired, and thus NJLAD is inapplicable. See N.J.S.A. 10:5-2.1. While Defendant's argument may be correct as a statement of law, it nonetheless is based on the contested factual premise that Plaintiff could no longer satisfy the 70 pound minimum lifting requirement for manual labor employees. Plaintiff presented evidence, however, including an alleged note from Dr. Farber, suggesting that she could in fact lift the required weight to satisfy the minimum requirements for her position. Accordingly, because the Court finds that a question of fact exists as to whether Plaintiff was able to perform her job as a sorter / loader / unloader, Defendant's motion for summary judgment on this claim is denied.

Summary judgment is also inappropriate on Plaintiff's retaliation claim. Defendant seeks dismissal of Plaintiff's retaliation claim on the basis that Plaintiff has no evidence tying her discharge to her filing of a workers' compensation claim. Plaintiff proffered evidence, however, suggesting that Defendant may have acted with hostility in response to Plaintiff's injury and compensation claim, including by using aggressive language towards Plaintiff and by denying her prompt medical attention as required by Defendant's internal policies and procedures. Whether

true or not, such evidence creates an issue of fact as to whether Defendant retaliated against Plaintiff for filing her claim.  Accordingly, because factual issues exist that prevent a determination of Plaintiff's retaliation claim as a matter of law, Defendant's motion for summary judgment on this claim is also denied.

**IV.** **CONCLUSION**

For the reasons stated, the Court finds that Defendant's motion for summary judgment is **granted** as to Counts III, IV and V, and **denied** as to Counts I and II.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          June  8 ,  09
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File